IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRITANI LAINE BLACKBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:10-cv-726-MEF |
| | ) | |
| FEDCORP, INC., | ) | |
| | ) | (WO - Do Not Publish) |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Britani Laine Blackburn ("Blackburn") alleges violations of the Electronic Fund

Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and its implementing regulation E, 12

C.F.R. § 205.1 *et seq.* Specifically, Blackburn alleges that Defendant failed to post the

automated teller machine ("ATM") fee notices required. Blackburn brings this action on her

own behalf, but also purports to represent a class of similarly situated persons. This cause

is before the Court on Defendant's Motion to Dismiss for Lack of Standing (Doc. #33) filed

on March 9, 2011. By this motion, Defendant FEDCorp, Inc. ("FEDCorp") argues that its

Offer of Judgment to Blackburn for all that she is legally entitled to recover rendered her

claim moot and deprived her of standing to bring the action on behalf of a purported class.

Blackburn opposes the motion. For the reasons set forth below, the Court finds that the

motion is due to be DENIED.

## BACKGROUND

The EFTA requires ATM operators to provide customers with notice of any fees to

be imposed on their ATM transactions and prohibits ATM operators from imposing fees in

connection with transactions that fail to comply with its notice requirement.  *See* 15 U.S.C.

§§ 1693b(d)(3)(C) & (D).  The EFTA provides that any person who fails to comply with its

provisions with respect to any consumer, except through error, is liable to the consumer for

any actual damage sustained, statutory damages, costs, and a reasonable attorney's fee as

determined by the Court.  *See* 15 U.S.C. § 1693m(a).  The amount recoverable as statutory

damages in an individual action is at least $100, but not more than $1,000.  In a class action,

the minimum amount of damages allowable is not fixed, but the total recovery is capped at

the no more than the lesser of $500,000 or 1 per centum of the net worth of the defendant.

*See* 15 U.S.C. § 1693m(a)(2)(A) & (B).  The EFTA fixes subject matter jurisdiction over

actions under the statute in any United States District Court or in any court of competent

jurisdiction and imposes a one year statute of limitations on such actions.

In June of 2010, Blackburn, who lives in Montgomery County, Alabama, used an

ATM FEDCorp owned and operated in Clanton, Alabama.  Blackburn did not have an

account with FEDCorp at the time she used its ATM.  FEDCorp charged Blackburn a $2.50

surcharge fee for using its ATM to withdraw cash from her account with another financial

institution.  FEDCorp failed to post on or at the ATM a notice that a fee will be imposed for

withdrawing cash or for a balance inquiry.

On August 27, 2010, Blackburn filed this class action seeking statutory damages,

injunctive relief, costs, and a reasonable attorney's fee on behalf of herself and other persons

similarly situated.  On October 15, 2010, she filed an Amended Complaint correcting the

identity of the defendant.  Blackburn has not yet filed a motion seeking certification of the

case as a class action.

In January of 2011, FEDCorp served an Offer of Judgment on Blackburn pursuant to Federal Rule of Civil Procedure 68.  FEDCorp offered Blackburn $1,000 plus reasonable attorney's fees and costs.  Blackburn did not respond to the Offer of Judgment.

On March 9, 2011, FEDCorp filed its Motion to Dismiss for Lack of Standing (Doc. # 33).  In this motion, it argues that Blackburn's claim is now moot and that she lacks standing to bring this action on behalf of the putative class.  FEDCorp seeks dismissal of all claims with prejudice.  Blackburn opposes this motion.  She contends that an offer of judgment providing individual relief only does not moot a case brought as a class action and that the offer of judgment does not moot Blackburn's request for injunctive relief.

## DISCUSSION

Where as here, a defendant brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the motion addresses the court's subject matter jurisdiction to hear the case.  Such a motion is made either as a facial attack or as a factual attack. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008).  A facial attack on the complaint asks the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.*  A factual attack challenges the actual existence of subject mater jurisdiction using extrinsic material. *Id.*

One variant of the factual attack on subject matter jurisdiction is a motion predicated on a contention that the complaint is due to be dismissed because it has become moot. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007).  Federal court

3

jurisdiction is constitutionally limited to actual cases and controversies.  *See, e.g., Crown Media, LLC v. Gwinnett County, Ga.*, 380 F.3d 1317, 1324 (11th Cir. 2004) (The Constitution limits the jurisdiction of the federal courts to actual cases and controversies.); *Troiano v. Supervisor of Elections in Palm Beach City*, 382 F.3d 1276, 1281 (11th Cir. 2004) ("A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it."). When a complaint no longer presents a live controversy with respect to which the court can give meaningful relief or when the plaintiff loses a legally cognizable interest in the outcome of the case, a case is moot.  *See, e.g., Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issued presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336-37 (11th Cir. 2001); *Taylor v. XM Satellite Radio, Inc.*, 533 F. Supp. 2d 1151, 1153 (N.D. Ala. 2007) ("For a case to properly fall within Article III, both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout the entirety of the litigation.").

Rendering a decision in a moot case is the equivalent to rendering an advisory opinion which is outside of the jurisdiction of Article III courts. *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009), *cert. denied,* 131 S. Ct. 645 (2010).  Thus, a court is required to dismiss a moot action for want of jurisdiction. *Seay Outdoor Advertising, Inc. v. City of Mary Esther*, 397 F.3d 943, 946 (11th Cir. 2005).  A dismissal for lack of standing or mootness is not a judgment on the merits and is without prejudice.  *Stalley*, 524 F.3d at 1232; *State v. Centers for Medicare & Medicaid Servs.*,

2:08cv881-MEF, 2010 WL 1268090 at *9 n.7 (M.D. Ala. Mar. 30, 2010).

In support of its motion to dismiss, FEDCorp contends that Blackburn's claim is moot because it has offered her judgment in her favor for all the relief to which she would ever be entitled.[1]  Blackburn disputes this assertion and contends that the Offer of Judgment did not offer her complete relief because (1) she also seeks injunctive relief and (2) the fact that this suit involves a putative class action means that an Offer of Judgment to her as an individual plaintiff does not moot the case.

**Injunctive Relief Under the EFTA**

The EFTA provides a comprehensive statutory scheme of remedies which do not include injunctive relief.  FEDCorp correctly contends that nowhere in either 15 U.S.C. § 1693 *et seq.* or 12 C.F.R.§ 205 *et seq.* is there any mention of the availability of equitable relief.  While Blackburn asserts an entitlement to injunctive relief both in her pleadings and in her brief in opposition to the motion, she fails to point to any legal authority for the existence of such relief under the EFTA.  The fact that Congress has expressly provided a

---

[1]  It is undisputed that Blackburn has not accepted the Offer of Judgment.  By operation of Federal Rule of Civil Procedure 68(b), the unaccepted offer must be considered withdrawn.  Furthermore, evidence of an unaccepted offer is not admissible except to determine costs.  As a technical matter then, the Court is not at all convinced that FEDCorp should be allowed to make arguments in this motion predicated on evidence of the unaccepted offer.  Indeed, at least one court faced with circumstances identical to the ones before this Court has opined that the motion to dismiss based on mootness must be denied because the case was not settled as to all claims.  *See Harter v. Beach Oil Co., Inc.*, No. 3:10-0968, 2011 WL 1458726 *1 (M.D. Tenn. Apr. 15, 2011).  Of course, Blackburn has not advanced this argument as a reason for denying the current motion.  This Court will rest is decision on the basis of the arguments made.

statutory scheme of remedies which does not mention other remedies requires this Court to apply the interpretive cannon of *expressio unis est exclusio alterius*. *See Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008) (explaining this elementary rule of statutory construction by which the fact that a statute expressly provides a particular remedy or remedies prevents a court from reading the statute to provide other remedies not listed in the statute). *See also Garland v. Wal-Mart Stores, Inc.*, Civ. 09-1067-STA-egb, 2009 WL 3241701 at *2 (W.D. Tenn. Sept. 30, 2009) (holding that EFTA does not provide for injunctive relief). Because no injunctive relief is available under the EFTA, the Court cannot find that the Offer of Judgment was incomplete because it did not offer such relief.

**Putative Class Action Status**

Next Blackburn argues that the Offer of Judgment did not offer her complete relief and moot her claims under the EFTA because it only offered her the maximum relief available to an individual and not the maximum relief available to a class. In so arguing, Blackburn relies on an unpublished decision from the United States District Court for the Southern District of Florida. *See Capote v. United Collection Bureau, Inc.*, No. 09-61834-CIV, 2010 WL 966859 at *1 (S.D. Fla. Mar. 12, 2010) (denying a motion to dismiss on mootness grounds. FEDCorp invokes a variety of cases in support of their motion. After establishing general principles regarding mootness and jurisdiction, FEDCorp identifies a number of cases in which district courts in the Eleventh Circuit have held that a proper offer of judgment for full and complete relief render's a plaintiff's claim moot. Of course, those cases beg the question is the offer in this case one for full and complete relief when it offers

only the relief to which Blackburn would be entitled as an individual and not the great relief available after class certification.

Through its own research the Court has identified a number of cases more salient to the issue before it. First, there are a series of unpublished decisions from the United States District Court for the Northern District of Illinois. *Stilz v. Standard Bank & Trust* Co., No. 10 C 1996, 2010 WL 5158108 *1 (N.D. Ill. Dec. 14, 2010); *Stilz v. Banco Popular N. Am.*, No. 10 C 2087, 2010 WL 4338446 (N.D. Ill. Oct. 25, 2010); *Stilz v. Global Cash Network, Inc.*, No. 10CV 1998, 2010 WL 3975588 *1 (N.D. Ill. Oct. 7, 2010). These cases are brought for relief under the EFTA by an individual who had used an improperly marked ATM and who alleged his claims as a representative of a putative class. *Id.* Each time the court rejected the plaintiff's contention that the fact that he was seeking to represent a putative class of victims meant that the offer of judgment for the amount to which he was entitled as an individual could not moot his claims. *Id.* Even these cases, however, acknowledge the struggle which courts have had with the concept of mootness when a plaintiff seeks to represent a putative class. *Id.*

In addition to these EFTA cases described above, the Courts own research identified two decisions from Circuit Courts of Appeals[2] which address the mootness question in the context of the Fair Debt Collection Practices Act ("FDCPA"). *See, Lucero v. Bureau of*

---

[2] It does not appear that the Court of Appeals for the Eleventh Circuit has addressed this issue.

*Collection Recover, Inc.*, No 10-2122, 2011 WL 1184168 *1, *10 (10th Cir. Mar. 31, 2011)[3] (holding that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on class certification); *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004) (reversing decision of district court to dismiss claims as moot where plaintiff did not accept an offer of judgment for the maximum amount recoverable as an individual, but did not provide the maximum relief allowable to a class).  The Court finds the reasoning of *Lucero* and *Weiss* persuasive and the relevant statutory provisions of the EFTA and the FDCPA similar in all material respects.  Accordingly, for the reasons stated in *Lucero* and *Weiss*, the Court finds that Blackburn's claims are not moot because the offer of judgment made to her did not provide the maximum damages to the putative claims.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion to Dismiss for Lack of Standing (Doc. # 33) is DENIED.

DONE this the 11th day of May, 2011.

> _____
> /s/ Mark E. Fuller
> CHIEF UNITED STATES DISTRICT JUDGE

---

[3]  This case will be published in the Federal Reporter.